## THE GEORGIA LUMBER CO. vs. ELISHA B. STRONG.

The irregularity of the service of a paper is waived, if received and acted upon by the party
upon whom it was served.

Thus, where Defendant served an order that Plaintiff file security for costs, with stay until
it should be filed, and the sureties should justify, if excepted to—and notice was given to
Defendant of filing and name of surety, &c.—and subsequently the surety justified in the
sum of $250, of which notice was also given to Defendant, and at the expiration of twenty
days, in which the Defendant was allowed to plead, Plaintiff entered his default, &c. Upon
a motion to set aside the default, &c., as irregular, it did not appear that Defendant served
his order to file security, &c., by sending by mail or paying postage. *Held*, that the Plain-
tiff, having received and acted under the order, he waived the regularity of service—and
the order to stay was *per se* a suspension of the time to plead until the sureties justified,
if excepted to—that the Plaintiff not having properly justified, (the penalty of the bond
being $250, and the surety justified in the same sum, instead of double that amount,)
as the statute required, the default, &c., was irregular.

*Monroe Special Term, Sept.* 1847.—*Motion to set aside default in not
pleading, for irregularity.*—Suit commenced by declaration and notice
to plead, on the 24th August last. On the 25th of the same month, an
order was made by Mr. Justice SELDEN, that the Plaintiff file security
for costs, according to statute, in twenty days, &c., or show cause at
this term, why the same is not done, and in the mean time, and until
the sureties should justify, if excepted to, all proceedings on the part
of the Plaintiff be stayed. The order was shown to, and a copy, with
copy affidavit on which it was granted, and notice of the order was
served on the Plaintiff's attorney, by sending them enclosed in an en-
velope, directed to him at Clarkson, Monroe county, but it did not ap-
pear by what conveyance they were sent, whether by mail or other-
wise, or that the postage was paid. On the 11th day of September,
instant, Defendant's attorney received from Plaintiff's attorney notice
that security for costs had been filed. The notice stated that a bond
had been filed in the penalty of $250, signed by James L. Clark, of
Clarkson, as security for costs, in pursuance of the statute. On the
same day the Defendant's attorney gave notice of exceptions to the
surety. On the 14th of September, Plaintiff's attorney served a copy
of the affidavit of the surety, by which affidavit he justified in the sum
of $250, accompanied with notice of such justification. On the 16th,
the default of the Defendant in not pleading, was entered, and notice
given to the Defendant's attorney, of the execution of a writ of inquiry.

H. HUMPHREY, *for the motion.*

H. R. SELDEN, *opposed.*

WELLES, Justice.—It is contended on behalf of the Plaintiff, that the order of Justice Selden was not properly served, as it is not shown that it was sent by the mail, and if it was so sent, it does not appear that the postage was paid.

It is a sufficient answer that the Plaintiff's attorney has acted upon the order. He undertook to comply with it by filing the bond, and after he received notice of exception, he undertook to justify, &c. It is too late for him to allege the irregular service of the order.

It is also contended that the order, even if properly served, does not operate as an enlargement of the rule to plead, and the Plaintiff's counsel has cited the case of *Schermerhorn* v. *Van Valkenburg*, 7 Cow. Rep. 519, in support of the position. In that case the Defendant was under a rule to rejoin in 20 days to the Plaintiff's replication, notice of which was served on the 26th of July. On the 31st of July, the Defendant obtained an order to stay all proceedings on the part of the Plaintiff until the 2d non-enumerated day of August term, (10th August) with a view to a motion in the cause. On the 1st of August, the order, with notice of the motion, was served—on the 20th, the Plaintiff entered the Defendant's default. The court held the default regular, and that the order did not, *per se*, suspend the running of the rule to rejoin.

Without stopping to question the authority of the case cited, it is sufficient to say, that this case is not similarly situated. The order here was in strict conformity with the statute, (2 R. S. 620, Sec. 3,) and I hold that in such a case, it is not necessary for the Defendant to procure an order enlarging the time to plead, and that the order granted in this case did, *per se*, suspend the running of the 20 days in which the Defendant was allowed to plead, until the Plaintiff fully complied with it, which he has not yet done. The order stayed all proceedings on the part of the Plaintiff until security should be filed, *and the sureties should justify, if excepted to.* The exception was duly made, and the attempted justification was a nullity. The bond was in the penalty of $250, and the surety justified in that sum only. The 6th section of the same statute requires the justification to be in double the amount of the penalty of the bond. The default in not pleading and all subsequent proceedings on the part of the Plaintiff were therefore irregular, and set aside with $10 costs.