Dinkel agt. Wehle.

---

## N. Y. COMMON PLEAS.

JOHN A. DINKEL, respondent, agt. HENRY WEHLE, appellant.

*Appeal — Undertaking — Disregard of defective undertaking.*

Where the undertaking and notice of appeal described the judgment appealed from as a judgment entered on March eleventh, when in fact the judgment was entered on March twelfth:

*Held*, that the respondent was not required to move to set aside the undertaking, but was entitled to disregard it and issue execution.

*Special Term, May,* 1881.

Dinkel agt. Wehle.

MOTION by defendant to set aside execution, and for restitution, on the ground that plaintiff's proceedings were stayed by undertaking on appeal.

The undertaking described the judgment appealed from as a judgment entered on March 11, 1881, when in fact the judgment was entered on the 12th of March, 1881. A similar mistake was in the notice of appeal.

*George F. Langbein*, for respondent.

*Henry Wehle*, appellant in person.

J. F. DALY, *J.* — In *Parfitt* agt. *Warner* (13 *Abb.*, 476) the supreme court held that where an undertaking on appeal was defective, but not void, the proper course for the respondent was to move to set it aside, but not to disregard it, and proceed to enforce his judgment.

The action was for a foreclosure of a mortgage, and the plaintiff was secured by the mortgaged property. This is an important consideration. In ordinary actions for the recovery of money, the defendant may gain time to dispose of his property by putting in an undertaking which affords no security. While plaintiff was making his motion to set aside the worthless instrument his security in the judgment debtor's property might be gone. In *Sternhaus* agt. *Schmidt* (5 *Abb.*, 66) this court at special term held, that an undertaking which did not comply with the Code effected to stay. The undertaking and notice of appeal in this case by wrongly describing the judgment failed to comply with the Code. The proper description of the judgment is the most essential part of the notice. The sureties might not be liable upon an undertaking reciting an appeal from a judgment which did not exist as described in the instrument. At all events, they had a point on which to dispute their liability until determined by the court of last resort. The appellant in tendering such an undertaking, offered respondent, instead of security, a law

suit. It is hardly proper, under such circumstances, to hold respondent to the obligation to respect the attempt to stay his proceedings, and to assume the burden of moving to set the defective undertaking aside. He is at least entitled to secure himself, if the appellant does not secure him, by a proper undertaking. These general observations apply to all cases of this kind. There is no fear of the respondent's security being affected by delay in this case, and there can be no question that the defect in the undertaking here was the result of misinformation.

While I cannot grant the motion to set aside the execution, it may not be out of place to say that an amendment would be allowed of course and without terms.

Motion denied, with ten dollars costs to respondent to abide event of appeal.