## A. SHUSTER V. O. P. OVERTURF.

JUSTICE OF THE PEACE — *Judgment* — *Appeal, Dismissed.* A case was tried before a justice of the peace on the 28th day of May, 1886, and judgment rendered for plaintiff on that day. The transcript of the justice failed to show that any appeal was taken by the defendant, or that any appeal bond was presented, approved, or filed. The justice, in transmitting the transcript to the clerk of the district court, included, among the papers sent up, an appeal bond which purported to have been approved by him in time, but the bond recited a judgment rendered May 31, 1886. *Held,* That the district court, upon the motion of the plaintiff, should have dismissed the appeal.

*Error from Harvey District Court.*

THE opinion states the case. Judgment before a justice of the peace for plaintiff *Shuster.* The defendant *Overturf* appealed. At the May term, 1887, the plaintiff moved to dismiss the appeal. This motion was overruled. This ruling plaintiff brings here for review.

*Brown & Cline,* for plaintiff in error.

*Bowman & Bucher,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 24, 1886, A. Shuster filed his complaint against O. P. Overturf, before a justice of the peace of Newton, in Harvey county, alleging that he was entitled to the immediate possession of the livery barn situated on lot 16 and part of lot 18, in block 33, in the city of Newton, and the stable of the said lot and part of lot used in connection with the barn. He prayed for restitution and costs. The trial was had on the 28th day of May, 1886, before the justice, and judgment for restitution and costs was rendered in favor of the plaintiff and against the defendant for the property described. Subsequently, the defendant attempted to appeal. On the 8th day of June, 1886, there was filed in the district court of Harvey county the transcript of the case. The transcript was duly certified by the justice of the peace,

and stated that it was a full and true copy from his docket of the proceedings in the action, had by and before him at his office. The transcript of the justice of the peace did not show that any appeal had been taken, or that any bond had been approved or filed. Among the papers on file with the district clerk there was an appeal bond, of which the following is a copy:

"THE STATE OF KANSAS, HARVEY COUNTY, ss.—Before Samuel Lupfer, Esq., a Justice of the Peace in and for said County and State.—A. SHUSTER, Plaintiff, v. O. P. OVERTURF, Defendant.—APPEAL BOND.—Whereas in this case judgment was rendered in favor of above-named plaintiff and against above-named defendant, for the immediate possession of the livery barn situated on lots Nos. 16 and 18, in block No. 33, in the city of Newton, said county, and said judgment was rendered on May 31, 1886, and defendant intends to appeal from said judgment:

"Now we, the undersigned residents of said county, bind ourselves in the sum of $214.30 to the plaintiff aforesaid, that said defendant will not commit or suffer waste to be committed on the premises in controversy; and if upon the further trial of this cause judgment be rendered against him, he will pay double the value of the use and occupation of the property from date of this undertaking until the delivery of the said property pursuant to the judgment, and all costs and damages that may be awarded against him.                O. P. OVERTURF.
                                        JOSEPH GERSON.
"Approved by me, this 1st day of June, 1886.
                                        SAMUEL LUPFER, J. P."
[Indorsed:] "1988. Appeal bond. Filed June 8, '86.
                                        J. W. PUETT, Clk."

The plaintiff filed his motion in the district court to dismiss the appeal from the justice's court, for the following reasons:

"1. No undertaking has been filed or given for an appeal as required by law.

" 2. The undertaking pretended to have been filed and given is not sufficient in form and amount.

"3. The amount mentioned in the pretended undertaking given herein for an appeal, is wholly insufficient to secure

this plaintiff for double the value of the use and occupation of the premises, and for the waste to the premises."

When the motion was called for hearing, the defendant made application to the court for leave to file an additional undertaking. The court overruled the motion to dismiss, and permitted a new bond to be filed. The new bond also recited that the judgment from which the appeal was taken was rendered against the defendant on May 31, 1886. The plaintiff excepted to the rulings of the district court, and brings the case here.

In addition, the failure of the transcript of the justice to show that any appeal bond was approved or filed, both the original bond and the new bond did not recite the judgment referred to in the transcript. By the transcript it appeared that the judgment in favor of the plaintiff and against the defendant was rendered on the 28th day of May, 1886; whereas both bonds recited a judgment from which the appeal was taken as having been rendered on May 31, 1886.

It is claimed on the part of the defendant that as a matter of fact the judgment was not rendered until May 31, 1886 as stated in the bonds; that the appeal bond of the defendant was properly deposited with the justice of the peace and approved by him on the 1st day of June, 1886, within ten days from the rendition of the judgment; therefore it is urged as the appeal bond was transmitted by the justice with his transcript to the clerk of the district court, the district court properly considered the bond as having been presented and approved in time.

We must assume that the entries on the docket of the justice were correctly made. The transcript is certified as of the 8th of June, 1886. Section 188 of the justices act requires every justice of the peace to keep a book denominated "a docket," in which must be entered by him if an appeal be taken, the undertaking and the time of entering into the same, and by which party taken. The certified transcript which the justice transmits to the clerk of the district court with the

papers in the cause should affirmatively show that the appeal has been taken within ten days from the rendition of the judgment. (*Struber v. Rohlfs,* 36 Kas. 202.) The transcript of the justice should control rather than any affidavits or papers not mentioned or referred to in the transcript.

Again, there was a variance in the time of the rendition of the judgment as shown by the transcript, and that as it was recited in the bonds, hence the bond was not an appeal from the judgment rendered on the 28th day of May, 1886. The new or additional appeal bond did not remedy this defect, as that bond also recited a judgment rendered on May 31, 1886. The appeal bond should describe the date of the judgment appealed from. (*Dinkle v. Wehle,* 13 Abb. N. C. 478; *Lemon v. Stephenson,* 40 Ill. 45; *Deitrich v. Rumsey,* 40 id. 50.)

If the transcript was incorrect as to the date of the rendition of the judgment, or if it improperly omitted the presentation or approval of the appeal bond, the defendant had an ample remedy. When the motion to dismiss was made, he might have suggested a diminution of the record. The justice could then have been compelled to correct his transcript according to the facts of the case. This was not done.

As the transcript was never corrected or amended to show the facts alleged by the defendant, we think the district court committed error in refusing to dismiss the appeal. The judgment of the court below must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.