JOHN GOOD, Respondent, *v.* WILLIAM S. DALAND *et al.,* Appellants.

*Court of Appeals, January* 21, 1890.

1. *Appeal. Dismissal.*—The respondent, in moving to dismiss an appeal on the ground that the time for appealing has expired before the notice of appeal was served, stands upon a strict right, and must show a strict and technical compliance with the statute on his part, to entitle him to this relief.

2. *Same.*—The service of a copy of a judgment, which lacks the attestation of the clerk, does not initiate the running of the limitation of the time to appeal.

3. *Same.*—The refusal by the court of appeals to stay the plaintiff's motion to dismiss until the defendants could remedy the defect in their proceedings, did not preclude the latter from making such further application to the court below for the requisite certificate.

4. *Judgment. Attestation.*—The omission of the clerk to sign a judgment otherwise properly entered, will not, *it seems*, deprive a party of rights under a judgment. The judgment would be irregular, but not void, and the defect would be amendable in furtherance of justice.

Motion to dismiss appeal.

*Chas. L. Atterbury*, for appellants.

*Albert G. MacDonald*, for respondent.

ANDREWS, J.—The defendants had sixty days after the service on their attorney of a copy of the judgment and notice of the entry thereof, within which to appeal to this court, and the right to have the appeal heard in a case like this was subject to the further condition that a certificate should be obtained from the general term. Code, § 190, subd. 4. The certificate was obtained December 9, 1889, and notice of appeal was served on the plaintiff's attorney, together with a copy of the certificate, December 16, 1889. The motion to dismiss is based on two grounds: (1) That the time to appeal had expired before the service of the notice of appeal; and (2) that the certificate was obtained after this court had denied the application of the defendants, made in October, 1889, on the hearing, of the motion to dismiss the former appeal, to be permitted to apply to the court below for the proper certificate.

The motion to dismiss should be denied.

The validity of the first ground urged depends upon the question whether the paper served by the plaintiff on the attorney for the defendants, July 5, 1889, was a copy of the judgment rendered by the general term, within the meaning of the Code. The paper served was a true copy of the judgment, except that it did not have the attestation of the clerk. Section 1226 of the Code prescribes that the clerk

must keep a book for the entry of judgments, styled a "judgment book," and that "each interlocutory or final judgment must be entered in the judgment book, and attested by the signature of the clerk." And § 1237 directs that the clerk, "upon entering final judgment, must immediately file the judgment roll."

The provision for attestation prescribed in § 1236 as said by FINCH, J., in Knapp *v.* Roche, 82 N. Y. 369, "was not new, but was founded upon a rule of the Revised Statutes, part 3, title 4, chapter 6, article 2, § 11, which provides that no judgment should be deemed valid unless the record thereof should be signed and filed." It is not necessary to hold, and it would be harmful to hold that the omission of the clerk to sign a judgment otherwise properly entered, would deprive a party of rights under a judgment. The judgment would be irregular, but not void, and the defect would be amendable in furtherance of justice.

But the respondent in moving to dismiss the appeal on the ground that the time for appealing had expired before the notice of appeal was served, stands upon a strict right and must show a strict and technical compliance with the statute on his part, to entitle him to this relief.

We think the paper served was not a copy of the judgment, so as by its service to initiate the running of the limitation. The cases of Goelet *v.* Spoffard, 55 N. Y. 647; Van Alstyne *v.* Cook, 25 Id. 489, and Clapp *v.* Hawley, 97 Id. 610, are not in point. The first two cases arose under the former Code, in which there was no requirement that the judgment entered should be attested by the clerk. §§ 280, 281. The question in each case arose on the trial of the action, and the point was raised that the judgment in question, not having been signed by the clerk, was void. In Clapp *v.* Hawley the point decided was in substance that the *fiat* of the judge in the direction for judgment was no part of the judgment itself.

The second ground of the motion proceeds on the er-

roneous assumption that the denial by this court of the application of the defendants to be permitted to apply to the court below for the requisite certificate, made on the motion to dismiss the former appeal for want of a certificate precluded the defendants from thereafter making such application without leave.

The substance of the former action of the court was to refuse to stay the plaintiff's motion to dismiss until the defendants could remedy the defect in their proceedings, and did not interfere with the right of the defendants to make such further application to the court below as they should be advised.

The present motion must be denied with ten dollars costs.

All concur.