CAROLINE LIVINGSTON, APPELLANT, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY AND THE MANHATTAN RAILWAY COMPANY, RESPONDENTS.

*Service of a notice on an attorney through a slot in his office door.*

The service of a notice of appeal was attempted to be made upon the adverse attorney by sliding the same through a slot in the center of his office door, which was surmounted with a brass plate with the word "Letters" upon it. The notice was not inclosed in a sealed wrapper directed to the attorney.

*Held*, that the service was ineffectual.

*Duval* v. *Busch* (13 Civ. Pro. R., 366) disapproved.

In order that a service may be made, under the provision authorizing the leaving of the paper in a conspicuous place in the office, it is necessary that access to the office should have been first attained, and where the office is closed the service must be made by depositing the paper in a sealed wrapper, directed to the attorney, in his office letter-box, or at his place of residence, by leaving it with a person of suitable age and discretion, or by a service upon the attorney himself personally.

APPEAL by the plaintiff from an order, entered in the office of the clerk of the county of New York on the 2d day of July, 1890, permitting the defendants in the above-entitled action to file with the clerk of the Supreme Court, *nunc pro tunc*, as of the 7th day of June, 1890, a notice of appeal from a judgment entered in said action on the 8th day of May, 1890.

*S. B. Livingston*, for the appellant.

*Davies & Rapallo*, for the respondents.

DANIELS, J. :

The power to make the order from which the appeal has been taken depends upon the fact whether a legal service of the notice of appeal was made upon the attorney for the plaintiff on the 7th of June, 1890. For if no such service took place on that day, then the court had no power to permit this service of the notice to be made upon the county clerk.

To prove that the notice was legally served upon the plaintiff's attorney, it was shown that a person employed in the office of the defendant's attorneys repaired with the notice of appeal to the office of the plaintiff's attorney on the afternoon of the 7th of June, 1890,

intending there to make service of the notice. When he reached the office the door was locked and he was unable to enter it to make service of the notice. But a slot was in the center of the door, surmounted with a brass plate with the word "Letters" upon it, and the notice was slid through this slot into the office, and that is the only service which was made, or attempted to be made, upon the attorney for the plaintiff of the notice of appeal; and whether this was a legal service of the notice depends upon the construction to be placed upon subdivision 3 of section 797 of the Code of Civil Procedure. That subdivision is the same, so far as it affects this service, as the rule previously existing, declaratory of the manner in which legal papers should be served, and under that rule it was held that this service could only be made by leaving the paper served in a conspicuous place in the attorney's office when the office door was unlocked (*Anon.*, 18 Wend., 578), and this decision has been followed in other cases where access has been obtained to the office without the consent of the attorney after the door had been closed and locked. (*Campbell* v. *Spencer*, 1 How. Pr., 199; *Livingston* v. *McIntyre*, Id., 253; *Vail* v. *Lane*, 4 Hun, 653.) These authorities all indicate the proper construction of the language of the subdivision to be, that the office must be left by the attorney in such a condition that a person may enter it and leave the paper to be served in a conspicuous place in the office, regularly to make that service. And the language of the subdivision indicates that to have been the intention of the legislature in making the enactment, for it has merely provided that service of a paper may be made when it shall be left in the office of the attorney, between six o'clock in the morning and nine o'clock in the evening, by leaving it in a conspicuous place in the office. It has also provided for depositing the paper in a sealed wrapper, directed to the attorney in his office letter-box, where one may have been provided. But no service under this part of the subdivision was intended or attempted. What it was intended to do was to leave the notice of appeal in a conspicuous place in the office of the plaintiff's attorney. But, inasmuch as the office was locked at the time, it was not so made, for no entry could be made into the office to make that service. That it was intended by the subdivision that it could only be made in this manner by entering the office is still more evident from the concluding portion of the

subdivision, for that has provided, further, that if the office is not open so as to admit of leaving the paper therein, then the service is to be made, where that shall not be done by means of the letter-box, by leaving the paper to be served at the residence of the attorney with a person of suitable age and discretion. This latter clause still more clearly restricts the service where it may be made by leaving the paper in a conspicuous place in the office, to a case where the office itself shall be found open. If it is not open so as to admit of such service, and no service is made by depositing the paper as directed by the section, in a sealed wrapper, directed to the attorney in his office letter-box, then it must be made either upon himself personally or at his place of residence with a person of suitable age and discretion.

The service of a notice of appeal not only forms no exception to this requirement, but it has been provided by section 1300 of the Code of Civil Procedure that it may be served in this manner; and such a service of it has not been made.

It is true that it was held in *Duval* v. *Busch* (13 Civ. Pro., 366), by the Special Term of the City Court, that such a service as was made in this instance, would be regular. But this decision is opposed to the clear import of the language used in the subdivision, and also to the current of authorities, by which it had been previously construed.

The attorney for the plaintiff did not accept this service, but returned the notice of appeal to the attorneys for the defendant, who in return sent the same to him again as having been regularly served on the 7th of June, 1890. He at no time acquiesced in, but resisted, the service, as irregular and unauthorized. And such appears to have been the character of this service.

There was, accordingly, no authority which permitted the notice of appeal to be afterwards served upon the clerk for the completion of the appeal, and the order should be reversed, with ten dollars costs and the disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements.