### ROGERS *v.* ROCKWOOD.

*(Supreme Court, General Term, Fifth Department.* April 16, 1891.)

1. SERVICE OF COMPLAINT—WAIVER OF IRREGULARITIES.

Defendant's attorneys having demanded a copy of the complaint, and designated the place where it was to be served, the attorney for plaintiff took a copy of the complaint to the place designated, but, finding the office locked, thrust it under the door. Defendant's attorneys found it there the next day, retained it, and served an answer thereto. *Held* that, though the service of the complaint was insufficient under Code Civil Proc. N. Y. § 797, subd. 3, the irregularity was waived.

2. SERVICE OF ANSWER.

Defendant's attorneys served an answer by leaving the same with the partner of plaintiff's attorney. No admission of service was given, but on the following day plaintiff's attorney told the attorney for defendant that he wished to see his client before accepting the answer, which was not served in time. Afterwards he said that he would not accept the answer, but it was never returned. *Held,* that the objection that the answer was not served in time was waived.

Appeal from special term, Niagara county.

Action by Julia J. Rogers against Ellen A. Rockwood. From an order requiring plaintiff to accept the answer and directing that the answer served stand as the answer in the case, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Henry M. Davis,* for appellant.  *John T. & S. Cady-Murray,* for respondent.

MACOMBER, J. The summons in this action was served without the complaint, on the 16th day of September, 1890. Notice of appearance was put in by the defendant's attorneys, and a demand of a copy of the complaint, with a proper designation of the place where the same might be served. On the 25th day of October of that year the complaint was taken to the office of the defendant's attorneys, but, the doors thereof being locked, the same was thrust under the door inside of the office, and the same was found the next day by one of the attorneys upon the floor, taken up, and placed upon the table of his partner, with a memorandum written thereon that he had found the same tucked under the door. Such service clearly enough was not regular and effective under subdivision 3 of section 797 of the Code of Civil Procedure. *Livingston* v. *Railroad Co.,* 11 N. Y. Supp. 359. But the retention of the complaint, which was subsequently acted upon by the attorneys for the defendant to the extent of making answer thereto, was a waiver of the irregularity of the service. *Lumber Co.* v. *Strong,* 3 How. Pr. 246. The motion at the special term could not, therefore, have been granted on the ground that there had not been previously a good service of the complaint. The answer of the defendant was actually served by leaving the same with the partner of the plaintiff's attorney on the 21st day of November, 1890, about one week after the same was due. No admission of service was given, but, on meeting the plaintiff's attorney, a conversation was had between him and one of the attorneys for the defendant to the effect that the former desired to see his client before determining definitely whether he would accept or not the answer so served out of season. It appears, however, that the answer was never returned to the attorneys for the defendant, although on the street, the next day following the service thereof, the plaintiff's attorney informed one of the attorneys for the defendant that his client did not desire him to accept such answer. We think that the rule stated in *Lumber Co.* v. *Strong, supra,* is equally applicable to the acts of the plain-

tiff's attorney, and that consequently, inasmuch as he retained the answer, he is not in position to avail himself of any irregularity in the service thereof. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.