CAROLINE LIVINGSTON, APPELLANT, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY AND ANOTHER, RESPONDENTS.

60h   473
38 Mis³662

*Appeal — a copy judgment not certified by the clerk, and a notice not stating the precise place of its entry, will not limit the time of appeal — estoppel.*

Where a respondent seeks to bar an appeal upon technical grounds, he will himself be held to strict practice.

The copy of a judgment required, by section 1351 of the Code of Civil Procedure, to be served upon the unsuccessful party in order to limit his time of appeal, was not attested by the clerk, and the notice accompanying it did not specify the place of its entry to be the office of the clerk of the city and county of New York, but stated that the judgment was entered " in the office of the clerk of the Supreme Court."

*Held,* that the notice of entry was insufficient to limit the appeal.

That statements made by the parties seeking to appeal, to the effect that the time to do so had expired, did not operate to estop them from subsequently taking an appeal.

APPEAL by the plaintiff, Caroline Livingston, from an order entered in the office of the clerk of the city and county of New York, on the 27th day of February, 1891, setting aside the execution issued in this action.

*C. G. Bennett,* for the appellant.

*Julien T. Davies* and *Brainard Tolles,* for the respondents.

PATTERSON, J. :

On the 8th day of May, 1890, the appellant (plaintiff) recovered at the Special Term a judgment against the defendant, in part for a sum of money awarded as damages to certain premises belonging to her. On the same day what purported to be a copy of the judg-

ment was, with what was intended to be a notice of the entry thereof, served on the defendants' attorneys. The time to appeal, had it been duly limited, would have expired on the 7th day of June, 1890, and on that day the defendants' attorneys undertook to make service of a notice of appeal, but that attempt was held by the General Term to be ineffectual, and hence no service was made. (11 N. Y. Supp., 359.) That decision was affirmed by the Court of Appeals. Subsequently, and on the 16th day of January, 1891, the defendants' attorneys caused a new notice of appeal to be served properly. Meantime the defendants had made various efforts, by motions to the court, to have the regularity of the first appeal recognized, but those efforts were unfruitful, and on the 24th day of December, 1890, the plaintiff's attorney issued execution to the sheriff of the city and county of New York. At that time the situation of the plaintiff was the following : She held the money judgment from which no appeal had been taken, and there was no order staying proceedings, and nothing operating to prevent the issuance of an execution, although on the 2d day of July, 1890, a duly executed undertaking on appeal was filed by the defendants. On the day the second notice of appeal was served an order to show cause why the execution should not be set aside was obtained. The motion made on that order was granted, with costs against the plaintiff, and from the order entered thereon this appeal is taken. The ground upon which the decision was based is, that the second notice of appeal is good, because the copy of the judgment and the notice of the entry thereof served on the defendants' attorneys May 8, 1890, were not sufficient to impair the defendants' right to appeal, irrespective of the mere question of time. Section 1351 of the Code of Civil Procedure provides that an appeal must be taken within thirty days after service upon the attorneys for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof. Strict compliance with this provision is required to operate a limitation of the time allowed ; and so much do the courts favor the right of appeal that they have gone to great length in upholding the most technical objections to the sufficiency of the papers, served pursuant to the section of the Code referred to. The learned judge in the court below cited in his opinion several of the adjudications of the Court

of Appeals on the subject, and among them, *In re New York Central and Hudson River Railroad Company* (60 N. Y., 112);. *Kelly* v. *Sheehan* (76 id., 325); *Good* v. *Daland* (119 id., 153). In the case at bar, the objections taken to the paper are that the copy of the judgment lacked the attestation of the clerk, and that the notice of entry did not specify the place of entry to be the office of the clerk of the city and county of New York, but merely stated that the judgment was entered with the clerk of the Supreme Court. These defects at first blush do not appear to be very substantial, but when it is considered that a right of appeal may be destroyed in the most meritorious case by a mere accident,. and that the court has no power to relieve, it is altogether equitable. to insist that the party seeking to enforce the technical advantage. shall be held to strict technical practice himself, and the very objections now pointed out by the defendants have been deemed cogent enough to prevent the limitation of the time to appeal. (*Good* v. *Daland, supra; Valton* v. *Nat. Loan Fund Life Ass.,* 19 How. Pr., 515; approved in *Matter N. Y. C. R. R. Co., etc.,* 60 N. Y., *supra.*) The learned judge below was, therefore, correct in holding that the right to appeal had not been limited, and that. the notice of appeal served on the 16th of January, 1891, was. in time.

But the respondents claim that the appellant is in some way estopped from denying that the time to appeal had expired, and calls. attention to various statements made in affidavits used in the pro- ceedings to avert the consequences of the default in serving the notice of appeal within thirty days from May 8, 1890, and which have been above referred to. In those affidavits it is stated that the defendants' time to appeal expired on the seventh of June, but we do not think such statements constitute, under all the facts before us, either bind- ing admissions or anything else that fairly should be construed to deprive the defendants of the right to appeal. They were made in view of the fact that a notice of appeal which they claimed to be regular and in time had been served, and were founded upon that belief, and were made altogether with reference to the questions raised in the proceedings adverted to and on the assumption that the service of the judgment and notice of entry were also regular. In this the affiants were mistaken, but their mistake has caused no.

injury to the plaintiff, and should not be considered tantamount to an estoppel.

We are of the opinion, however, that the order made by the learned judge is too broad, and that the execution should not have been set aside absolutely and with costs against the plaintiff, but that proceedings upon it should have been stayed merely; for when it was issued in December, 1890, the plaintiff had a clear legal right to enforce her judgment by appropriate process. The court had adjudged her to be entitled to the money; there was no appeal pending and no impediment to its collection; for the undertaking filed July 2, 1890, without an appeal actually taken, did not in any way supersede the right to realize on the judgment. But when the appeal was taken in January, it was proper to apply to the court to stay the execution on such terms as might be considered just.

The order must, therefore, be modified so that proceedings under the execution be stayed until the determination of the appeal without costs, and as thus modified it will be affirmed, without costs.

VAN BRUNT, P. J., concurred.

BARRETT, J.:

I also concur. There is no question here of the mere waiver of an irregularity. The defendants waived nothing. They simply insisted that they had appealed according to law, when, in fact, they had not. The plaintiff failed to set the defendants' time to appeal running, by reason of her failure to serve a particular paper precisely as required by statute. The defendants' acknowledgment of the receipt of that paper, and their expression of belief that their time to appeal was thereby limited, do not alter the legal effect of the plaintiff's failure to do what was requisite to set the time to appeal running.

Order modified as directed in opinion, and as modified affirmed, without costs.