(7 Misc. Rep. 400.)

### CURTIS v. RITZMAN.

(Common Pleas of New York City and County, General Term. March 15, 1894.)

APPEAL—NOTICE—DAY OF JUDGMENT.

A notice of appeal which fails to state the date of the entry of judgment appealed from is insufficient, though it is indorsed on a copy of the judgment.

Appeal from city court, general term.

Action by Lewis Curtis against Charles L. Ritzman. From a judgment of the city court affirming an order denying a motion to dismiss defendant's appeal from an interlocutory judgment on the ground that the appeal was not in time, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

E. F. Bullen, for appellant.

J. G. Flammer, for respondent.

PER CURIAM. The defendant interposed a demurrer, which was overruled, and an interlocutory judgment was entered December 28, 1893. His notice of appeal therefrom was served on January 19, 1894, and was too late if plaintiff had given proper notice of the entry of his judgment more than 10 days previously. Code Civ. Proc. § 3190. We agree with the city court that the notice was not sufficient, because it failed to state the date of the entry of the judgment. It was indorsed upon a copy of the judgment, and its sufficiency must be determined by what it contained, and cannot be supported by information as to the date of entry contained in another part of the document. Date of entry of the judgment is a requisite of the notice. In re New York Cent. & H. R. R. Co., 60 N. Y. 112. This is to enable the adversary to insert the exact date in his notice of appeal, for if there be error in giving date of entry of the judgment in the notice of appeal, or in the undertaking on appeal, they are irregular, and may be disregarded. Dinkel v. Wehle, 61 How. Pr. 159. Strict practice is required of a party who would limit the time of his adversary to appeal. Good v. Daland, 119 N. Y. 153, 23 N. E. 474. Order affirmed, with costs and disbursements.