MASON v. CORBIN.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

ENTRY OF JUDGMENT—NOTICE.
    Plaintiff served a statement of what purported to be a copy of a judgment entered on the decision of a referee; but the copy was neither signed by the clerk, so as to constitute an entry of the judgment, under Code Civ. Proc. § 1236, nor did it have any amount of costs inserted in it. *Held* not to be such notice to defendant of the entry of judgment as to warrant the court, after 30 days, in declaring the case and exceptions abandoned.

Appeal from special term.

Action by Marcus P. Mason against Amasa Corbin, Jr. From an order declaring the case and exceptions on appeal abandoned by defendant, he appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

E. H. Neary, for appellant.
A. E. Kilby and Vasco P. Abbott, for respondent.

PARKER, P. J. This case turns upon the question whether notice of the entry of judgment upon the decision of the referee was served upon the defendant's attorney on the 30th of June, 1897. If such notice was served, the special term had authority to declare the case and exceptions abandoned. Gen. Rules 32, 33. If such notice was not served, the defendant was not in default, and the order appealed from was erroneous. The plaintiff's attorney did not content himself with serving a statement, merely, to the effect that judgment upon the report of the referee had been entered; but upon the 30th of June, 1897, he served upon defendant's attorney what purported to be a copy of a judgment, with a notice, thereunder written, that "the foregoing is a copy of a judgment duly entered in the clerk's office of the county of St. Lawrence, at Canton, N. Y., on the 29th of June, 1897, at 12 o'clock

noon." Such a copy was neither signed by the clerk, nor did it have any amount whatever of costs inserted in it. A judgment entered in the form of the copy served would be no judgment whatever. It is prescribed by section 1236 of the Code, as amended in 1897, that a judgment "shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the entry of the judgment." See, also, Good v. Daland, 119 N. Y. 153, 23 N. E. 474. So, also, a judgment entered upon such report should contain the costs awarded in the action against defendant, while in the copy served no costs whatever appeared. Evidently, then, if no judgment had been entered, other than as the copy indicated, no completed judgment had been entered in the action, and the notice given, instead of being a notice of the entry of judgment, was a notice of an attempt to enter it, possibly, but of an utter failure to do so. The paper upon which the plaintiff's attorney relies as a "notice of the entry of judgment" does not in fact give any such notice; and hence it was not sufficient to put the defendant in default, although much more than 30 days had passed since its service. In attempting to deprive defendant of the benefit of his case and exceptions, under the provisions of the rules above cited, plaintiff should show a strict and technical compliance with the statute on his part. Good v. Daland, supra. And clearly the notice on which he relies, upon a strict construction, falls very far short of a statement that judgment on the referee's report had then been entered.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.