MARCUS P. MASON, Respondent, v. AMASA CORBIN, JR., Appellant.

*Notice of entry of judgment — what notice is insufficient.*

A written notice that "the foregoing is a copy of a judgment duly entered in the clerk's office of the county of St. Lawrence, at Canton, N. Y., on the 29th day of June, 1897, at 12 o'clock noon," such copy being neither signed by the clerk, nor having inserted therein any amount of costs, is not a sufficient notice of the entry of judgment — section 1236 of the Code of Civil Procedure prescribing that a judgment "shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the *entry* of the judgment."

A judgment entered upon the report of a referee should contain the costs awarded in the action.

APPEAL by the defendant, Amasa Corbin, Jr., from an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of St. Lawrence on the 8th day of February, 1898, declaring the case and exceptions on appeal in the action abandoned by the defendant.

*E. H. Neary*, for the appellant.

*A. E. Kilby* and *Vasco P. Abbott*, for the respondent.

PARKER, P. J.:

This case turns upon the question whether notice of the entry of judgment upon the decision of the referee was served upon the defendant's attorney on the 30th of June, 1897. If such notice was served, the Special Term had authority to declare the case and exceptions abandoned. (General Rules 32 and 33.) If such notice was not served, the defendant was not in default, and the order appealed from was erroneous.

The plaintiff's attorney did not content himself with serving a statement merely to the effect that judgment upon the report of the referee had been entered; but, upon the 30th of June, 1897, he served upon defendant's attorney what purported to be a copy of a judgment, with a notice thereunder written that "the foregoing is a copy of a judgment duly entered in the clerk's office of the county of St. Lawrence, at Canton, N. Y., on the 29th of June, 1897, at 12 o'clock noon." Such copy was neither signed by the clerk, nor did it have any amount whatever of costs inserted in it. A judgment entered in the form of the copy served would be no judgment whatever. It is prescribed by section 1236 of the Code, as amended in 1897, that a judgment "shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the *entry* of the judgment." (See, also, *Good* v. *Daland,* 119 N. Y. 153.) So, also, a judgment entered upon such report should contain the costs awarded in the action against defendant; while in the copy served no costs whatever appeared. Evidently, then, if no judgment had been entered other than as the copy indicated, no completed judgment had been entered in the action, and the notice given, instead of being a notice of the entry of judgment, was a notice of an attempt to enter it, possibly, but of an utter failure to do so.

The paper, upon which the plaintiff's attorney relies as a "notice of the entry of judgment," does not in fact give any such notice, and hence it was not sufficient to put the defendant in default, although much more than thirty days had passed since its service.

In attempting to deprive defendant of the benefit of his case and exceptions under the provisions of the rules above cited, plaintiff should show a strict and technical compliance with the statute on his part. (*Good* v. *Daland, supra.*) And clearly the notice on

which he relies, upon a strict construction, falls very far short of a statement that judgment on the referee's report had then been entered.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.