KUBIN v. MILLER et al.

(City Court of New York. General Term. December 18, 1899.)

1. APPEAL—RECEIVER—OBJECTIONS NOT RAISED BELOW.

An objection to the appearance of a receiver of a party to the proceeding, prior to notice of appeal, cannot be first raised in the appellate court.

2. SAME—LIMITING TIME TO APPEAL.

The service of a copy of an order for judgment, without notice of the entry of the original, is not sufficient to limit time in which to appeal; 61 N.Y.S.—71

and hence a notice of appeal served before service of the notice of entry on appellant is sufficient.

**8. SAME—RIGHT TO APPEAL.**
Where a judgment order required modification in a material matter, and more than 10 days were occupied in its correction, the fact that the corrected order was made to take effect nunc pro tunc will not bar defendant's right to appeal.

Appeal from special term.

Action by Isaac Kubin against Miller Bros. & Co. Judgment for plaintiff. Motion to vacate the judgment by Alexander B. Smith, as receiver for defendants, was denied. From an order denying the receiver's motion to compel acceptance of his notice of appeal, he appeals. Reversed.

Argued before CONLAN and HASCALL, JJ.

Stiefel & Lauer, for appellant.
Einstein & Townsend, for respondent.

CONLAN, J. This is an appeal taken by the receiver of the defendant from an order denying the receiver's motion to accept the service of a notice of appeal from an order previously entered. The motion was made by the receiver to vacate the judgment against the defendant, and, this motion being denied, an order was entered, a copy of which was served upon the attorneys for the receiver. This order was subsequently modified nunc pro tunc as of the date of original entry, and the entry and service of a copy as modified were made by the attorneys for the receiver; but no copy, with notice of entry, was served upon the attorneys for the receiver by the attorney of the opposition, as it is contended was necessary in order to limit the time to appeal. A notice of appeal, having been served, was returned as not having been served within the 10 days from the entry and service of the order which had been modified; and the order denying a motion to compel acceptance of such notice of appeal is before us for review on the ground stated.

It will be noticed that the appeal purports to be taken by the receiver of the defendant, and without having been substituted as a party defendant, and this is objected to. The objection to the appearance of the receiver in the proceeding prior to the notice of appeal does not appear to have been taken, and is first presented as a question for our consideration by the respondent on appeal. Under the well-settled rules of practice, we do not think this can be done. The only other question in the case is, was the notice of appeal which was returned served in season?

In Livingston v. Railroad Co., 60 Hun, 473, 15 N. Y. Supp. 191, it was said:

"Strict compliance * * * is required to operate as a limitation of the time [to appeal], and so much do the courts favor the right to appeal, that they have gone great lengths in upholding the most technical objections to the sufficiency of the papers."

The rule requires the party to serve upon his opponent a copy of the order or judgment, with notice of entry of the original, before the time in which to appeal may be said to begin to run; and that

this is a condition precedent, there cannot be the possibility of a doubt. Indeed, we know of no case which has sought to vary or change this rule. How, then, can it be said that the notice of appeal was too late, if this condition had not been complied with? The service of a copy of the order by the defendant party did not change it; and, if it was intended that such a step should have been a sufficient compliance, very naturally we should have had an adjudication to that effect. The order, as originally made, was not in condition to be appealed from, and required modification in a material matter; and shall it be said that, even if a period of more than 10 days had been occupied in its correction, therefore, because the modifying order was to take effect nunc pro tunc, there was not time within which to take an appeal?

The appeal appears to have been taken in time from the order, so far as we are able to discover from the record before us; and there must be a reversal of the order appealed from, with a direction to the effect that the notice of appeal so served and returned was served within season, and that such appeal is now pending. Ten dollars costs to the appellant, to abide the event.

HASCALL, J., concurs.