(30 Misc. Rep. 742.)

### LEVIEN v. WEBB.

(Supreme Court, Appellate Term.  March 5, 1900.)

APPEAL—NOTICE—TIME FOR SERVICE—JUDGMENT APPEALED FROM—SERVICE OF COPY.

The time within which defendant can appeal from a judgment commences to run from the time plaintiff serves a true copy of such judgment on defendant showing that the original has been signed by the clerk, and it is not necessary that such copy should be certified by the clerk to be a true copy.

Appeal from city court of New York, general term.

Action by John J. Levien against W. Seward Webb, as president of the Wagner Palace-Car Company. From a judgment of the general term of the city court of New York (61 N. Y. Supp. 1113), affirming a judgment in favor of plaintiff, defendant appeals. Dismissed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Saunders, Weed & Worcester, for appellant.
Nathan, Leventritt & Perham, for respondent.

PER CURIAM. The defendant, seeking to appeal from a judgment of the general term of the city court, allowed the statutory time for appealing to expire before serving his notice of appeal. He now contends that the notice of entry of judgment served upon him was ineffective to set running the time within which he must appeal. He bases this contention upon the assertion that the copy judgment served upon him was not duly "attested" by the clerk, by which we understand him to mean that the copy served was not certified or signed by the clerk. The copy served, purporting to be a copy of the judgment, showed that the judgment itself had been signed by the clerk as required by the Code; hence it appeared from the copy as served that a valid judgment had been properly entered. All that the plaintiff was required to do was to serve a true copy of the judgment as entered. If the name of the clerk had not been copied into the judgment as served, the defendant would have been entitled to assume either that the judgment had not been properly entered, or that the copy served was not a true copy of the judgment as entered. In either case, his time to ap-

peal would not have been set running. Good v. Daland, 119 N. Y.
153, 23 N. E. 474, and Livingston v. Railroad Co., 60 Hun, 473, 15 N.
Y. Supp. 191, are not authorities in favor of the defendants' posi-
tion, because in both of these cases the objection was founded upon
the fact that the copy judgment as served did not show that the
judgment as entered had been properly signed by the clerk. It has
never been deemed necessary to serve a certified copy of a judgment
or order in order to limit the time for appeal. The only object of
serving a copy judgment is to give the party upon whom it is served
notice of the fact of its entry, and for such purpose certification is
not required.

The motion to dismiss the appeal must be granted, with costs.