### SLATER v. GRANNEMANN et al.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

1. APPEAL—TIME—COPY OF JUDGMENT—SERVICE.

Service of a copy of a judgment not signed by the clerk is insufficient to limit the time to appeal therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1902.]

2. LIS PENDENS—CANCELLATION.

Where a copy of a judgment in favor of defendants in an action affecting real property was insufficient to limit the time for appeal therefrom, defendants were not entitled to a cancellation of the lis pendens under Code Civ. Proc. § 1674, providing for the cancellation thereof on the expiration of the time to appeal from the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lis Pendens, § 33.]

Appeal from Special Term, Saratoga County.

Action by John F. Slater against Louise Grannemann and others. From an order directing the cancellation of a notice of pendency of action, plaintiff appeals. Reversed. Motion denied.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Miller & Wilson (Henry E. Miller, of counsel), for appellant.

A. J. Dillingham, for respondents.

JOHN M. KELLOGG, J. Defendant was entitled to an order canceling the notice of pendency of action if the time of the appellant had expired for appealing from the judgment of nonsuit. Code Civ. Proc. § 1674. The notice served for the purpose of limiting the time for

appeal purported to have attached to it a copy of the judgment which was not signed by the clerk. Mason v. Corbin, 29 App. Div. 602, 51 N. Y. Supp. 178, and Good v. Daland, 119 N. Y. 153, 23 N. E. 474, show that such notice was not effectual to limit the time in which to appeal. The court should not cancel the notice of pendency in a case like this until after final judgment and until the plaintiff's right to appeal from the judgment has expired.

The order appealed from should therefore be reversed, with $10 costs, and the motion to cancel the lis pendens denied, with $10 costs. All concur.