## GREEN *v.* VAN BUSKERK.

The ten days given by the 23d section of the Judiciary Act, to take a writ of error from this court, run from the day when judgment is entered in the court where the record remains; and when judgment is given in the highest court of a State on appeal or writ of error from an inferior one, and, on affirmance, the record is returned to such inferior court with order to enter judgment there, they run from the day when judgment is so there entered.

THIS was a motion made by Mr. A. J. Parker, in behalf of Green, plaintiff in error, for a supersedeas to stay execution upon a judgment of the Supreme Court of the State of New York.

It appeared that a judgment was entered by the Supreme Court in favor of Van Buskerk, the defendant in error here, which was affirmed in the Court of Appeals, *the highest court of law and equity of the State of New York,* on the 22d of December, 1865. Upon this affirmance the record was sent to the Supreme Court, with an order directing that court to enter judgment accordingly.

In pursuance of this order, judgment was entered in the Supreme Court, on the 16th of February, 1866, and on the 20th February a writ of error, which had been duly allowed, to this court, was lodged, together with the proper bond and all other papers in due form to stay proceedings, in the clerk's office of the Supreme Court of New York. On the 28th of February, 1866, the attorney for the plaintiffs below directed execution to issue upon the judgment; to prevent which the present motion for supersedeas was made.

The reader will remember, of course, that the Judiciary Act of 1789, by its 25th section, gives a right of re-examination by this court of the judgments of State courts, when "a *final* judgment or decree in any suit, in the *highest* court of law or equity in a State," involves certain questions, and the decision on them is given in a particular way: and will recall, further, that, by its 23d section, a writ of error is a supersedeas only where the writ is served by a copy thereof being lodged for the adverse party in the clerk's office, where *the record remains,* within *ten* days, Sundays exclusive, *after rendering the judgment or passing the decree complained of;* "until the expiration of which term of ten days," says the section, "executions shall not issue."

*Mr. J. B. Gale, against the motion:* A party's right to bring a State court judgment here depends upon the 25th section of the Judiciary Act; and that authorizes a review only of a judgment in the *highest court of a State* in which a decision could be had.

Now, in New York, the highest court of the State is confessedly the Court of Appeals; the Supreme Court, notwithstanding its title, being inferior to it. In this case, the

judgment " complained of" is the judgment of the Court of Appeals. That judgment was given on the 22d of December, 1865. No writ of error was lodged anywhere below until the 20th of February. Of course, it was not lodged within the ten days. The fact that the record may not " remain" in the court whose "judgment is complained of," does not alter the case.

It is almost unnecessary to say, that in contemplation of law the record passed instantly from the Court of Appeals, on judgment being given there, into the Supreme Court below. If, in point of fact, it was delayed *in transitu,* that gives no advantage to the defendant in it, as regards an appeal. He might, in point of fact, delay such transit himself.

The CHIEF JUSTICE delivered the opinion of the court.

We have already held, at this term, in a case from Massachusetts,* that when the Supreme Court renders final judgment, and sends the judgment to a court below for execution, and with the judgment the record, a writ of error to review the judgment may be issued to the latter court.

In that case, it is true, no question was made in respect to the operation of the writ as a supersedeas; but we think that the true construction of the act of Congress requires us to hold that a judgment cannot be regarded as final, in the sense of the act, until entered in a court from which execution can issue.

In the case now before us, the record was sent by the Court of Appeals to the Supreme Court, and the judgment was entered in the latter court in conformity with the direction of the former. This was, it is true, the judgment of the Court of Appeals as well as the judgment of the Supreme Court; but it became a final judgment, on which execution could issue only when entered, on the 16th February, 1866, in the Supreme Court, to which the record was returned, and where it remained.

---

* McGuire *v.* The Commonwealth. (Motions.) *Supra,* 382.

The unsuccessful party had ten days from that entry to take out a writ of error and make it a supersedeas; and he duly availed himself of this right by service of the writ of error on the 20th February, 1866, and giving the required bonds.

The direction to issue execution was given under a mistaken construction of the act; and its issue makes it necessary that a writ to stay the proceedings be sent from this court.

MOTION ALLOWED.