STEPHEN S. KNAPP, as Receiver, etc., Appellant, *v.* WALTER ROCHE, Respondent.

Upon appeal from judgment in this action the General Term affirmed it, provided plaintiff would stipulate to deduct therefrom a specified sum; plaintiff filed the required stipulation also the decision of the General Term, signed by one of the judges. *Held*, that this was not an entry of judgment within the meaning of the provisions of the Code of Civil Procedure in reference thereto (§§ 1236, 1354).

The memorandum handed down by a General Term of its decision of an appeal is not a judgment, but simply an authority to enter one.

Upon the filing of such decision a formal judgment should be prepared and entered in the judgment-book, attested by the signature of the clerk; and, to constitute a judgment-roll, a copy thereof should be annexed to the papers upon which the appeal was heard.

Accordingly *held* that, as the duty of preparing such judgment-roll is imposed upon "the attorney for the party at whose instance the final judgment is entered" (Code, § 1238), an order was properly granted directing the plaintiff to enter judgment and file a judgment-roll, and for that purpose authorizing him to file a printed copy of the case on appeal.

(Argued October 5, 1880; decided October 15, 1880.)

APPEAL from order of the General Term of the Superior Court, in the city of New York, reversing an order of Special Term, which denied a motion on behalf of defendant that plaintiff be required "to perfect his judgment in this action and to file a judgment-roll  *  *  *  in conformity with the decision of the General Term." The order of General Term also ordered that plaintiff "enter judgment in this action upon the decision heretofore made by the General Term, *  *  *  and file a judgment-roll with the clerk  *  *  * within twenty days after service of a copy of this order." And that in so doing he might "file one of the printed copies of the case on appeal submitted on the argument of the appeal." And in case of failure to comply the defendant was authorized to enter judgment.

The facts are sufficiently stated in the opinion.

*John E. Develin* for appellant. The provisions of the Code of Civil Procedure do not apply to this appeal. (Laws of 1877, chap. 417, § 3, subd. 1 ; Bliss' Code, 1004.) The order of the General Term affirming the judgments below, without costs, when filed, was a final determination, and, therefore, a judgment. (Code of Proc., § 245 ; *Gray, Admx.*, v. *Cook, Jr., Admr.*, 24 How. 432.) When this order of affirmance was filed it was the duty of the clerk to attach it to the papers then on file in the action, and he will be presumed to have discharged this duty. (Code of Proc., § 281, subd. 2 ; *Eno* v. *Crooke*, 6 How. 462 ; *De Agreda* v. *Mantel*, 1 Abb. 130.) The duty of the prevailing party, the plaintiff here, ended with his filing the order of the General Term. (*Renouil* v. *Harris*, 2 Sandf. S. C. 645.)

*John T. McGowan* for respondent. The order of the General Term involves one of practice only, and is not reviewable in this court. (*Tucker* v. *Leland*, 75 N. Y. 186 ; *Moore* v. *Shaw*, 77 id. 512 ; *Rust* v. *Hauselt*, 69 id. 485.) This court will hold the appellant to strict practice, and compel him to file a judgment-roll in accordance with the provisions of law.

(Matter of N. Y. C. & H. R. R. R. Co., 60 N. Y. 112; *Kelly*
v. *Sheehan*, 76 id. 325; *Kilmer* v. *Hathorn*, 78 id. 228, 232.)
It was the duty of the appellant to prepare and file the judg-
ment-roll based on the decision of the General Term. (*Len-
tilhon* v. *Hauselt*, 69 N. Y. 485; Code of Civ. Proc., § 1238.)
The decision of the court in writing, when filed, is not an
entry of a judgment. The judgment must be entered in the
judgment-book, and until thus entered the clerk is not author-
ized to make up the judgment-roll. (Code of Civ. Proc.,
§ 1236; *Schenectady Plankroad Co.* v. *Thatcher*, 6 How. 227.)
The appellant is not in any way prejudiced by the order of the
General Term from which he appeals, and, therefore, the order
appealed from is not reviewable in this court. (*Moore* v. *Shaw*,
77 N. Y. 512.)

FINCH, J. After an appeal in this action to the General Term
of the Superior Court, which resulted in an affirmance, provided
the plaintiff should stipulate to reduce his judgment by a speci-
fied amount, the respondent filed his stipulation and the deci-
sion of the General Term, claiming that thereby he had duly
entered his judgment. The defendant, insisting that it had not
been duly entered and perfected, made a motion that the
plaintiff be required to perform that duty, which motion, denied
at Special Term, was granted on appeal from that order by the
General Term. The argument of the original appeal, the deci-
sion thereon, and all the subsequent proceedings occurred since
the enactment of the present Code, which, therefore, governs
the practice to be observed. While some of the earlier proceed-
ings were taken under the old Code, it is easy to bear them in
mind, and allow them their due weight without affecting the
proper application of the provisions of the new Code to the
proceedings taken after it went into effect.

The question presented is whether the steps taken by the
plaintiff amounted to an entry of judgment of affirmance. He
filed with the clerk a decision of the General Term signed by
one of the judges. He did nothing else, and yet claims that
his judgment was regularly entered. The Code requires

(§ 1236) that each interlocutory or final judgment shall be entered in the judgment book, and attested by the clerk. The provision for that attestation was not new but was founded upon a rule of the Revised Statutes (part 3, title 4, chap. 6, art. 2, § 11) which provided that no judgment should be deemed valid until the record thereof should be signed and filed. The Code further provides (§ 1354) that on an affirmance upon appeal the judgment-roll shall consist of a copy of the judgment, annexed to the papers on which the appeal was heard. It has been correctly decided that the memorandum handed down by the General Term of the decision of the appeal is not the judgment but simply the authority for an entry of the judgment. (*Eno v. Crooke*, 6 How. 462.) Waiving, therefore, all questions as to the sufficiency of the papers on file to constitute the basis of a judgment-roll on affirmance, it is sufficient to say that no judgment of affirmance has as yet been entered for the reason that what is called the judgment signed by Judge SPEIR is merely a memorandum of the decision of the General Term on the appeal. On filing that decision a formal judgment of affirmance should have been prepared which should have been entered in the judgment-book and then been attested by the signature of the clerk. A copy of this judgment annexed to the papers on which the appeal was heard would then constitute the judgment-roll on appeal. The Code imposes the duty of preparing such judgment-roll and furnishing it to the clerk upon the attorney for the party at whose instance the final judgment is entered (§ 1238). That duty was not performed in the present case. The General Term were, therefore, right in directing a proper judgment to be entered. There is no difficulty in so doing. If the papers now on file are those on which the appeal was heard, the copy of the judgment can be annexed to them. If they are not, the order appealed from has provided for the difficulty by allowing a copy of the printed papers used on the argument to be filed instead.

The order should be affirmed.

All concur.

Order affirmed.