BRUSH ELECTRIC Co. *et al. v.* ELECTRIC IMP. Co. OF SAN JOSE.

*(Circuit Court of Appeals, Ninth Circuit. July 14, 1892.)*

APPEALABLE ORDERS—FINALITY.

> The owner of a patent moved to be dismissed from a suit for infringement brought by a licensee on the ground that the suit had been brought without its authority. *Held* that, as the motion presented questions of law and fact not presented in the bill of complaint, an order overruling it was a "final decision," within the meaning of the act of March 3, 1891, and therefore the subject of an appeal.

Appeal from the Circuit Court of the United States for the Northern District of California.

On motion to dismiss appeal. Denied.

Statement by KNOWLES, District Judge:

The California Electric Light Company, and the San Jose Light & Power Company, desiring to commence a suit against the Electric Improvement Company of San Jose, for an infringement of a certain patent, joined with them as a plaintiff the Brush Electric Company. After the bill of complaint had been filed in the circuit court for the district of California, the Brush Electric Company came into said court, and moved that the said cause be dismissed as to it. At the hearing of this motion affidavits were introduced by both the Brush Electric Company and the California Electric Light Company bearing upon the question of the right of the California Electric Light Company to use the name of said Brush Electric Company in the said action. The question of fact was considered and determined upon the affidavits. Important questions of law were presented and decided in the ruling of the court upon this motion. The court overruled the motion to dismiss. 49 Fed. Rep. 73. The Brush Electric Company appealed to this court from this order overruling its said motion.

*Edward P. Cole* and *H. P. Bowie,* for appellant.

The motion of appellees to dismiss our appeal is based on the ground that the order of January 18, 1892, refusing to dismiss the Brush Electric Company from the bill, is not appealable; that is, that the order is not a final order.

The facts are these: A bill was filed in the circuit court to enjoin an infringement of a patent. The bill was entitled: "Brush Electric Company, California Electric Light Co., San Jose Light and Power Co., vs. The Electric Improvement Co. of San Jose." The Brush Electric Company, the owner of the patent, moved to be dismissed from the suit, because it was begun without its authority, and it had never given any consent to any one to use its name in this litigation, and it did not desire to press the case. Its coplaintiff the California Electric Light Company objected, and affidavits were filed showing that the California Electric Light Company was the licensee of the Brush Electric Company, and the light and power company was its sublicensee, but without its consent, and that the California Electric Light Company had no interest in the case. The court refused to dismiss the Brush Electric Company from the suit, and decided that the California Electric Light Company had the right to the use of its name in this suit, and that the Brush Electric Company should have no control over nor interest in the suit. From this order an appeal has been taken.

Since *Forgay* v. *Conrad*, 6 How. 204, the supreme court has many times repeated the doctrine that a final decision is one where the controversy of the parties as to the merits is terminated; but no case like the one at bar has ever arisen, and, in every instance where the court has refused to entertain an appeal, the parties have been on the opposite side of the record, and the decree has been simply interlocutory; but many appeals have been entertained where the matter adjudged was final as to that point, although there remained others to be decided, and the state courts under a similar statute have given a like interpretation to a like statute, to prevent injustice. The language of the act creating this honorable court, in section 6, Act March, 1891, says: "The circuit court of appeals shall exercise appellate jurisdiction to review by appeal or by writ of error any final decision," etc. The statute does not say that an appeal lies from the final decision, but from any final decision, thus contemplating what is well known in equity, viz., that there may be more than one final decision in a cause.

In *Stich* v. *Goldner*, 38 Cal. 609, the plaintiff sued defendant Dickenson to foreclose a mortgage. He denied that plaintiff was the owner of the note and mortgage. Goldner filed a complaint in intervention, Dickenson demurred to the intervention, and the demurrer was sustained, and judgment was thereupon entered against the intervener, and he appealed. The respondents claimed that the appeal was premature, and asked to have it dismissed, as no final judgment had been given in the case. The court said: "This position was untenable, that there had been a final judgment against the intervener; so far as he was concerned, the judgment was final, and ended the litigation in that court." The same point was ruled the same way in *People* v. *Pfeiffer*, 59 Cal. 90; *Coburn* v. *Smart*, 53 Cal. 743; and *Henry* v. *Insurance Co.*, (Colo. Sup.) 26 Pac. Rep. 319.

In *Bronson* v. *Railroad Co.*, 2 Black, 529, a motion was made to dismiss the appeal, because there was no final decree within the meaning of the act giving the court jurisdiction. Some exceptions to the report of the master were pending and undetermined when the decree was made. DAVIS, J., commenting on the contention of defendants that there had been no final decree, and on the injury to plaintiffs if the appeal was refused, said: "A rule from which consequences so injurious to the rights of parties litigant would necessarily result has never received the sanction of this court. This decree is not final, in the technical sense of the word, for something yet remains for the court below to do. But it was said by Justice TANEY in *Forgay* v. *Conrad*, 6 How. 203: 'This court has not therefore understood the words "final decree" in this strict technical sense, but has given to them a more liberal, and, as we think, a more reasonable, construction, and one more consonant to the intention of the legislature.'" And the appeal was sustained, because it determined the merits of the litigation as far as the appellant could control it.

In *Thomson* v. *Dean*, 7 Wall. 345, it was held that an appeal lay because the decree determined the principal matter in controversy between the parties; and that since it could not be changed, except by a new and distinct proceeding, it determined that matter finally. *Trustees* v. *Greenough*, 105 U. S. 527, is an instructive case on the right of appeal, and has been repeatedly approved. Concisely the case is this: In 1870 a bill was filed by Vose, a bondholder, against the trustees of the Florida Improvement Fund *et al.*, to set aside certain fraudulent conveyances. By decree the management of the fund was taken out of the trustees, and large sums of money were divided among the bondholders. Vose had borne the whole burden of the litigation, and had advanced all the expenses. In 1875 he filed a petition in the suit showing these facts, and prayed for reimbursement out of the fund. The report was confirmed in part, and from this order an appeal was taken. At that time the litigation was undetermined. It was urged that this order was not a final de-

cree determining the merits of the litigation between the parties, and hence not appealable. The court, at page 531, answered the contention, saying: "The order is certainly a final determination of the particular matter arising upon the petition for allowance. Though incidental to the cause, the inquiry was a collateral one, having a distinct and independent character, and receiving a final decision that the main suit might continue for years. That the case is a peculiar one, is true, but, under all the circumstances, we think that the proceedings may be regarded as so far independent as to make the decision substantially a final decree for the purposes of an appeal."

In *Williams* v. *Morgan*, 111 U. S. 689, 4 Sup. Ct. Rep. 638, the court again, speaking of an appeal from an order fixing the fee of a trustee in an unfinished case, said: "It was in its nature final, and was made in a matter distinct from the general subject of litigation,—a matter by itself which affected only the parties to the particular controversy." In *Terry* v. *Sharon*, 131 U. S. 46, 9 Sup. Ct. Rep. 705, after the decree of the circuit court, Sharon died, and F. W. Sharon, his executor, filed a bill of revivor. To this bill the defendant Terry demurred. The demurrer was overruled, and from the order Terry appealed. A motion to dismiss the appeal was made, because the order was not appealable; but Mr. Justice MILLER denied the motion, because, as he said, "the order which the court made was so essentially decisive and important that the court did not doubt that it was appealable."

*Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 209, 10 Sup. Ct. Rep. 736, seems to us conclusive as to our right to maintain an appeal. Here, before any decree whatever in the main cause, on an *ex parte* application, certain orders were made directing certain property involved in the litigation to be delivered to an intervener, the plaintiff appealed, and, on motion to dismiss, Chief Justice FULLER, speaking for the court, said, (page 224, 135 U. S., and page 742, 10 Sup. Ct. Rep:) "They were final in their nature, and made upon matters distinct from the general subject of litigation." The last case in the federal courts illustrative of our position is decided by the fifth circuit court of appeals, viz., *Central Trust Co.* v. *Marietta & N. G. Ry. Co.*, 48 Fed. Rep. 851. In this decision the last cited case is approved. The facts were similiar, and the court again reaffirmed the well-settled doctrine that, wherever a final decision is made upon matters distinct from the general subject of the litigation affecting any party to the record, whether such party is on the same or different side, an appeal will lie by the party injured.

It will be noticed that all of these decisions contemplate and assume that in **e**very case there may be more than one final decree, and also that the reason of the rule allowing an appeal from an order made upon matters distinct from the general subject of litigation applies equally, if not more forcibly, to us; for if we cannot appeal from this order we are without remedy against the wrong which may be done us, and, helpless in the hands of our enemies, we will be forced to see our valuable rights destroyed without an opportunity to protest or to be heard, since, if the decree be in favor of the complainants, there must be judgment that we have authorized and consented to the assignment to the San Jose Light & Power Company. If in favor of the defendant, then our valuable patent rights may be adjudged void. And thus we will be injured in any event, because we are parties to the bill, and must be concluded by the issues raised in the pleadings; but, in the language of Justice DAVIS in 2 Black, 530: "A rule from which consequences so injurious to the rights of parties litigant would necessarily result has never received the sanction of this court."

The adjudications in the state courts are equally favorable to our right to maintain this appeal. The Kentucky court of appeals have decided the exact question in our favor, in the case of *May* v. *Hardin's Ex'rs*, 13 B. Mon. 344. See, also, *Sharon* v. *Sharon*, 67 Cal. 195, 196, 7 Pac. Rep. 456, 635,

and 8 Pac. Rep. 709; *Daniels* v. *Daniels,* (Colo. Sup.) 10 Pac. Rep. 661; *Lithographing Co.* v. *Crane,* (Sup.) 12 N. Y. Supp. 835; *Stephens* v. *Hall,* (Sup.) 10 N. Y. Supp. 753.

The order refusing to dismiss us from the bill is final as to us, and is a final adjudication of our right both to control the suit, and also to ignore the assignment of our license to the light and power company; and, since all our rights between us and our coplaintiffs have in this litigation and suit been finally determined, we submit that the order is appealable.

*John H. Miller,* for appellees.

Before McKENNA, Circuit Judge, and Ross and KNOWLES, District Judges.

KNOWLES, District Judge. In this court the California Electric Light Company moves this court to dismiss this appeal, on the ground that the order overruling this motion was not subject to appeal, the same not being a final decision. The matter presented for consideration in this motion in the court below was not one presented in the bill of complaint. It was not a matter sought in any manner to be determined by that bill. The order overruling this motion should not be termed an "interlocutory decree." An "interlocutory decree" is generally applied to decrees in which some matter, either of law or of fact, is directed preparatory to a final decision. 2 Daniells, Ch. Pl. & Pr. (Perk. Ed.) 1192, note *a.*

The order was not a preliminary decree, concerning matters preparatory to a final decree upon the issues made in the bill. Neither was it a decree determining finally any of the issues presented in the bill. It was, however, a determination of a matter collateral to the issues presented in the bill. A decree or judgment or decision which finally determines all of the issues presented by the pleadings, and finally fixes the rights of the parties, is undoubtedly a final decree or judgment. The question of difficulty in this case is as to whether this order settling, as far as the circuit court was concerned, the issue presented upon this motion, can be classed as a final decision. The act of March 3, 1891, entitled "An act to establish circuit courts of appeals," etc., upon the subject of appeals to this court, provides "that the circuit court of appeals established by this act shall exercise appellate jurisdiction to review, by appeal or by writ of error, final decisions in the district court, and the existing circuit courts, in all cases other than those provided for in the preceding section of this act," etc. It is conceded that the term "final decision" in this act means the same thing as final decree or judgment. It must be apparent that that term embraces the others. Under that statute, final judgments and decrees are brought to this court for review. The terms "final decree" and "final judgment" have been considered by the supreme court in statutes providing for appeals and writs of error from lower courts to it. In the case of *Williams* v. *Morgan,* 111 U. S. 689, 4 Sup. Ct. Rep. 638, that court says of an order which was made upon a collateral matter not presented by any of the pleadings in the case: "It was in its nature final, and was made in a matter distinct from the general subject of litigation,—a matter by itself which

affected only the parties to the particular controversy." And this order it was held was such a final decree as could be appealed from. In this the supreme court followed its former decision in the case of *Forgay* v. *Conrad*, 6 How. 203. In that case the court said: "This court has not, therefore, understood the words 'final decree' in this strict technical sense, but has given to them a more liberal, and, as we think, a more reasonable construction, and one more consonant to the intention of the legislature." In this case the court held a decree was final which determined certain issues, and which did not finally determine the case.

The conclusion that the decree, to be a final one, within the meaning of the act of congress, providing for appeals to the supreme court, need not necessarily be one that disposed of all the issues presented in the case finally, but may include a final determination in collateral matters, was reached in *Bronson* v *Railroad Co.*, 2 Black, 530, and in *Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 209, 10 Sup. Ct. Rep. 736. In the state courts a decree for alimony *pendente lite* has been classed as a final decree, although the issues in the pleadings are not involved in awarding the same. *Sharon* v. *Sharon*, 67 Cal. 195, 7 Pac. Rep. 456, 635, and 8 Pac. Rep. 709.

The meaning given to the terms "final decree" or "judgment," in the statute providing for appeals to the supreme court, should be the same in the statute under consideration providing for appeals to this court. Considering the construction given by the supreme court to the terms "final decisions," "judgments," or "decrees," we reach the conclusion that the term "final decision" in said statute under consideration does not mean necessarily such decisions or decrees only which finally determine all the issues presented by the pleadings; that, while these are undoubtedly final decisions, the terms are not limited to them, but also apply to a final determination of a collateral matter distinct from the general subject of litigation, affecting only the parties to the particular controversy, and finally settles that controversy. It would seem, also, that the importance of this collateral matter should be considered. *Terry* v. *Sharon*, 131 U. S. 46, 9 Sup. Ct. Rep. 705.

The order overruling the motion of the Brush Electric Company to dismiss the cause as to it, does seem to have been the final determination of a most important question, collateral in its character. In considering the motion, questions of fact and of law were involved. Distinct issues of both were presented. They were such as were not presented by the general issues in the case. These questions would not be again presented. They were not preliminary to the decree upon the merits, or involved in the decree upon the merits. The order determining the issues upon this motion we therefore hold was a "final decision," within the meaning of the statute concerning appeals in this court above referred to, and was therefore the subject of an appeal thereunder.

The motion to dismiss the appeal is overruled.