67 317
138a 425

---

MARY A. ROBINSON (HENRY MOTTET, AS EXECUTOR, ETC.), RESPONDENT, *v.* ROBERT GOVERS, INDIVIDUALLY AND AS EXECUTOR, ETC., AND OTHERS, APPELLANTS.

*Action for dower — abatement by death of plaintiff — memorandum of court not a judgment.*

A memorandum made by a judge, not signed and merely determining how an order confirming a referee's report fixing the value of plaintiff's dower right, after the rendition of a verdict declaring her entitled to dower, should be framed for entry, is not such a final judgment as will prevent an action to recover dower abating by the death of the plaintiff.

REARGUMENT of an appeal from an order continuing an action to recover dower in certain premises, whereof the plaintiff's husband had died seized, after the death of the plaintiff, in the name of the executor of her will.

The action was tried at the New York Circuit in October, 1891, and resulted in a verdict declaring the plaintiff entitled to dower. The plaintiff thereupon moved for an interlocutory judgment awarding her dower, and for a reference to ascertain whether an actual admeasurement could be had and, if not, for a sale of the premises, at the

same time the defendants applied for and obtained leave to pay the plaintiff the gross sum to which she was entitled in lieu of dower, and an order of reference was made to ascertain the amount of such sum.

On January 22, 1892, the referee's report was filed fixing the value of the plaintiff's dower right in the premises.

On January 30, 1892, a motion to confirm the referee's report was argued before the justice who had presided at the trial, and on February 15, 1892, this motion was decided in a memorandum, which is set forth in the following opinion.

On February 18, 1892, at 2.30 P. M., an order was made and entered confirming the report, and directing certain payments to be made by the defendants to the plaintiff in satisfaction of her dower and in payment of costs, as directed by said memorandum; and at 12.10 P. M. on that day the plaintiff died.

On March 28, 1892, letters testamentary were granted to Henry Mottet, the executor named in the plaintiff's will. A motion was thereafter made on behalf of the plaintiff for leave to the executor to continue the action and to amend the order of February 18, 1892, by providing that the payments therein directed to be made to the plaintiff be made to the executor; this motion was granted and an order was entered accordingly May 13, 1892, which order also embodied an order denying a motion theretofore made by the defendants to set aside the order of February 18, 1892, on the ground that the plaintiff had died before it was entered, and that the action had abated. The defendants appealed from this order of May thirteenth. Another appeal was argued before the General Term in June, 1892, and a decision rendered in October following, reversing the order of May thirteenth, and granting the defendants' motion to vacate the order of February eighteenth. (*Robinson* v. *Govers*, 65 Hun, 562.)

The plaintiff thereupon, with the permission of the General Term, applied to the justice, who had directed the entry of the order of February eighteenth, for a resettlement and amendment of that order, by inserting therein the said memorandum of decision, together with a statement that the decision was rendered on February 15, 1892, which application was granted and the order resettled accordingly.

The plaintiff thereupon applied to the General Term for a reargument of the appeal upon the ground that it did not appear from

the printed papers originally submitted that the said decision had been rendered February 15, 1892. This application having been granted, the appeal came before the General Term on reargument.

*G. Nathan,* for the appellant.

*A. G. Fox,* for the respondent.

VAN BRUNT, P. J.:

Upon the previous argument of this appeal the court held that the order continuing the action should be reversed upon the ground that, by the death of the plaintiff, the same abated. And it is not necessary to rediscuss the questions then considered and determined. But since said argument and decision a motion has been made to resettle the order confirming the referee's report herein by inserting the following recital therein before the operative part of the order: "And a decision having been rendered herein by Mr. Justice PAT-TERSON on the 15th of February, 1892, in the words and figures following to wit: The motion to confirm the report of the referee is granted, with the modifications hereafter suggested. The plaintiff should be allowed the costs of the action and an extra allowance of $150; costs should not be awarded the defendants, but the guardian *ad litem* should be compensated, and fifty-five dollars is allowed him. These costs and allowances are not to be charged against the gross sum awarded to the plaintiff, but in the same manner as if the property were sold. The defendants desiring to pay this gross sum must first pay these costs and then deduct them from the whole value of the property as fixed by the referee, and the dower interest may then be calculated for the purposes of final judgment on the balance remaining after such deduction is made. That seems to be the rule in cases in which the property is sold and the proceeds brought into court (*Schierloh* v. *Schierloh,* 14 Hun, 572), and it may equitably be made applicable in a case of this kind."

The question presented is, the plaintiff having died subsequent to the filing of this memorandum by the court, who heard the motion, and before its embodiment in an order, whether the situation has been in any respects changed from that which was presented by the record on the previous appeal.

We think not. The memorandum in question was not the judg-

ment of the court. It was simply an indication to the parties as to how the judgment to be entered upon the referee's report should be framed in order that it might be duly entered. This is apparent, if any indication was needed, from the language of the memorandum itself. It is that the plaintiff *should* be allowed certain things, that costs *should* be allowed to the defendant, that the guardian *ad litem should* be compensated, that the costs and allowances *should* not be charged, etc., clearly showing that the court, by the filing of this memorandum, which does not purport even to have been signed by the justice, was merely giving an indication as to how the order upon the motion should be framed, and, when the suggestions of the court were properly embodied in an order, then it directed its entry, which was the fact, because three days afterwards we find a formal order entered by direction of the court embodying the suggestions of the memorandum. This memorandum clearly was not a final judgment which prevented the action from abating by the death of the plaintiff.

The case of *Knapp* v. *Roche* (82 N. Y., 366) holds that the memorandum of a decision handed down by the General Term, although signed by one of the judges, was not a judgment, but it was a mere authority to enter a judgment; that a formal judgment must be prepared, entered in the judgment book and attested by the clerk's signature and a copy thereof annexed to the appeal papers to constitute the judgment-roll in accordance with the provisions of the Code. So in the case at bar the memorandum in question was not an order; it did not pretend to be an order; it was a mere memorandum determining what should be the form of the order to be entered upon the motion in reference to the referee's report.

We think, therefore, that the position of the case remains unchanged, and, for the reasons stated in the opinion previously given upon the original appeal, the order appealed from should be reversed with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

O'BRIEN and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.