(55 Misc. Rep. 58.)

### DEARING v. BOSS et al.

(Supreme Court, Trial Term, New York County. June, 1907.)

MECHANICS' LIENS—INDEMNITY AGAINST LIENS—ACTIONS ON BONDS—TIME OF COMMENCEMENT.

Code Civ. Proc. § 1236, provides that every judgment shall be signed by the clerk and filed in his office, and that such signing and filing shall constitute the entry of the judgment. Section 1237 provides that the clerk on entering final judgment must immediately file the judgment roll, and section 1238 provides that the judgment roll shall be prepared and furnished to the clerk by the party at whose instance entered, except

as therein provided. Section 1239 provides that a proceeding to enforce
or collect a final judgment cannot be taken until the judgment roll is
filed. *Held*, that an action on a bond conditioned for the payment of any
judgment that might be rendered for the enforcement of a mechanic's
lien brought after a decision and judgment had been signed by the jus-
tice, but before sections 1236, 1237, 1238, and 1239 had been complied
with, was premature, and that this was so notwithstanding an order
was obtained after commencement of the action on the bond, providing
for entry of the judgment nunc pro tunc as of a date prior to the com-
mencement of the action.

Action on a bond by Benjamin A. Dearing against William Boss and
others. Complaint dismissed.

C. B. Augustine, for plaintiff.
E. J. Krug, for defendants.

GREENBAUM, J. What constitutes the entry of a judgment is pre-
scribed by sections 1236, 1237, 1238, and 1239 of the Code of Civil
Procedure. A decision and judgment were signed by the justice be-
fore whom the mechanic's lien action was tried, but none of the Code
requisites of filing and entering the judgment has been complied with.
Section 1239 provides that "a proceeding to enforce or collect a final
judgment cannot be taken until the judgment-roll is filed." The con-
dition of the defendants' bond given to release the real estate of one
David Quigley from the mechanic's lien filed by plaintiff was that:

"If the said David Quigley or his legal representatives shall well and truly
pay or cause to be paid any judgment that may be rendered against the said
property in any proceedings to enforce the said lien, then this obligation shall
be void, otherwise to remain in full force and virtue."

There are decisions in other jurisdictions and some in this state un-
der the old Code of Procedure, and in actions in Justices' Courts, to
the effect that the pronouncing of judgment after the trial and final
submission of a case where there is nothing more to be done than to
enter the judgment constitutes the "rendition of a judgment." It may
be that, inter partes, a judgment may be deemed "rendered," even
though there be an omission or neglect to formally enter the judgment,
as where the right to an appeal of a party is involved. Fleet v.
Youngs, 11 Wend. 522, 527, 528; Bank of Geneva v. Hotchkiss, 5
How. Pr. 478. But, where the right of action against a third party,
like the defendants, who were sureties, depends upon the prerequisite
of the rendition of a judgment, it seems to me it must rest upon a
judgment duly entered and which is in a condition to be enforced as
provided for by section 1239. The signature of the justice to the
decision and the judgment merely constituted authority for the entry
of the judgment (Knapp v. Roche, 82 N. Y. 369) and until an actual
entry of the judgment an action upon the bond given by the defendants
is premature. Since the trial of this action it appears that plaintiff
has procured an order nunc pro tunc directing the filing of the judg-
ment in the office of the clerk of the county of New York as of the
13th day of June, 1901, and that the judgment was duly filed on May
16, 1907, pursuant to said order. It seems to me, however, that the
rights of the parties must be determined as of the date when the ac-

tion was commenced, and for the reasons above stated I am of opinion that the complaint must be dismissed.

Complaint dismissed, with costs.