## H. Wood Bruce *vs.* John H. Ackroyd.

*First Judicial District, Hartford, May Term, 1920.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

Whether the evidence offered in an action here to prove the rendition of a judgment in another State, establishes the existence of the alleged judgment or not, must be determined by the law of the latter State; for under the "full faith and credit" clause of the Constitution and the terms of the Federal statute (U. S. Stats. § 905) the files or documents offered in evidence here to establish the judgment relied upon, are entitled to no more weight or effect than they would have been entitled to had the action to enforce the alleged judgment been brought in the courts of the other State.
In the present case the plaintiff sought to recover upon an alleged judgment of a New York court, but failed to prove the essentials of such a judgment under the law of that State. *Held* that the law of New York controlled, and that the evidence offered by the plaintiff was insufficient to establish the judgment sued upon.

Submitted on briefs May 4th—decided July 20th, 1920.

Action to recover the amount of an alleged judgment rendered by the Municipal Court of the City of New York, in favor of the plaintiff, brought to and tried by the Court of Common Pleas in New Haven

---

*Transferred from the third judicial district.

County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $567, and appeal by the defendant. *Error; judgment to be entered for defendant.*

*Robert C. Stoddard,* for the appellant (defendant).

*Carl Foster* and *Frederick E. Morgan,* for the appellee (plaintiff).

GAGER, J. This action was brought to recover upon a judgment alleged to have been rendered in favor of the plaintiff in the Municipal Court of the City of New York, Borough of Manhattan, Sixth District. The answer denied that any such judgment had been rendered. Upon the trial the plaintiff, for proof of the judgment, offered a duly-authenticated copy of the records of the Municipal Court consisting of a summons, proof of service, complaint, and certain memoranda filled in the printed blank upon the back of the summons showing the appearance of the plaintiff upon the return day, the nonappearance of the defendant, and adjournment to May 1st for inquest. Then follows the indorsement in the blank relating to the judgment which, as it appears in the authenticated copy, is in full the following:—

"Judgment for

| | | | |
|---|---|---|---|
| | Plaintiff | Damages, | 266.06 |
| | Defendant | Costs, | 2.00 |
| inquest trial ver. Comp. | | Pros. Costs, | |
| | | Motion Costs, | |
| | | Allowance, | 10.00 |

Amount . . . . . . . . . . . . . . . $278.06

Dated this First day of May 1903.

D. Martin, Justice."

This record was offered "as an exemplified copy of the proceedings and judgment-roll and transcript of

the judgment and of the judgment obtained" in New York. The defendant, for the reason—among others which we do not need to notice—that this record was incompetent to prove the judgment, was no judgment-file, and that the papers did not come up to the requirements of our law in proof of judgments, objected to the admission of this record for the purposes claimed. The court overruled the objection and admitted the record. No other proof of the judgment was offered. Upon this record the court rendered judgment for the plaintiff. The defendant appeals for two reasons: that the record was incompetent, and that the court erred in its admission.

The Act of Congress (U. S. Stats., § 905) passed pursuant to the provision of the "full faith and credit" clause of the Constitution of the United States (Article 4, § 1), after providing how judicial records shall be authenticated, proceeds: "And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

There can be no doubt but that any State may determine for itself what are the essentials of a judgment of record in its own courts. If the record discloses such essentials as to entitle it to recognition as a judgment in a domestic court, it is, under the United States Constitution and the statute, entitled to the same recognition in the courts of other States. *Bank of North America* v. *Wheeler*, 28 Conn. 433. Conversely, it must follow that if the domestic courts would not recognize the record as establishing a judgment, it cannot be given that effect in any other State. The law of the State in which the judgment is rendered governs, and not the law of the other State, in which the record is sought to be used to establish the fact of

a judgment in the original jurisdiction. 2 Black on Judgments (2d Ed.) §§ 859, 860. So much of the objection as is grounded on the claim that such a record would not be good under our law, even if true as to a record originating in our courts, asserts no sufficient ground for the exclusion of the record here, for the only question under the Act of Congress is, does the record in the present case establish the fact of a judgment good in the courts of New York.

The New York Code of Civil Procedure (Stover's Annotated Edition, Vol. 2) § 1236, reads: "Every interlocutory judgment or final judgment shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the entry of the judgment. The clerk shall, in addition to the docket-books required to be kept by law, keep a book, styled the 'judgment book,' in which he shall record all judgments entered in his office."

Section 1237: "The clerk, upon entering final judgment, must immediately file the judgment-roll; which must consist, except where special provision is otherwise made by law, of the following papers: the summons; the pleadings, or copies thereof; the final judgment."

Section 1239: "A proceeding to enforce or collect a final judgment, cannot be taken, until the judgment-roll is filed."

The record in the present case does not show any entry of judgment by the clerk nor any judgment-roll. The blank upon the back of the summons signed by the justice, set out in full above, is the only reference in the entire record to any judgment, and this is neither a judgment nor an entry of judgment, but a memorandum of decision by the justice for the information of the clerk whose duty is forthwith to make an entry of judgment by signing it, and then to complete and file

a judgment-roll consisting of the documents required by the statute. It has repeatedly been held that a memorandum signed by the judge cannot be taken or used as the record judgment. It is but a direction to enter judgment as distinguished from a judgment, and the judgment becomes final only when entered in a court from which execution can issue. *Green* v. *Van Buskirk*, 70 U. S. (3 Wall.) 448, 18 L. Ed. 245. In *Knapp* v. *Roche*, 82 N. Y. 366, it was held that a memorandum of its decision on an appeal, handed down by the General Term, is not a final judgment, but simply an authority to enter one; that a formal judgment should be prepared and entered in the judgment-book, attested by the signature of the clerk; and that a copy of this judgment, annexed to the papers on which the appeal was heard, would constitute the judgment-roll on appeal. Citing § 1236 of the Code above noted. In *Blashfield* v. *Smith*, 27 Hun (N. Y.) 114, an execution was issued on an order of judgment, based upon a decision of the County Court, made out and signed by the county clerk and entered in the judgment-book. It was held that this was no such judgment-roll as the law requires as the basis for an execution. In *Forsyth* v. *Campbell*, 15 Hun (N. Y.) 235, the plaintiff, to prove the existence of a judgment upon which the execution was issued, produced a certified copy of an order for a judgment, made by the County Court, and it was held that this was not sufficient to prove the existence of a valid judgment. See also *Mason* v. *Corbin*, 29 N. Y. App. Div. 602, 51 N. Y. Supp. 178. In *Schenectady & S. P. R. Co.* v. *Thatcher*, 6 How. Pr. (N. Y.) 226, 228, the court said: "The statute requires him [the clerk] 'immediately after entering the judgment,' to proceed to make up the roll, and among the papers necessary to constitute a complete judgment-roll, is 'a copy of the judgment'; that is a copy of the entry of the judgment made

by the clerk in the judgment-book. Such entry in the judgment-book and copy in the roll is the only record evidence that judgment has been perfected. The judgment-roll in this case is defective in this respect. It contains the decision in writing required by the 267th section of the Code, but not the judgment to be entered thereon as required by the same section."

The record in the present case shows not only no judgment-roll, but no entry of judgment signed by the clerk, either in the docket-book, or judgment-book, or in the memorandum blank upon the back of the summons. In fact, there is not anywhere in the record a word signed or apparently signed by the clerk making any reference to a judgment, and the record is inadequate under the statutes and decisions of New York to show any judgment which would be accepted in her courts as sufficient evidence.

There was error in admitting the record as showing the judgment and as a judgment-roll, and error in basing a judgment for the plaintiff thereon.

There is error and the cause is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.