## WRIGHT v. TAFT-PEIRCE MFG. CO.

(Circuit Court of Appeals, First Circuit.    February 13, 1923.)

No. 1584.

**Appeal and error ⊗⟹78(6)—Order granting new trial not reviewable as "final decision."**

> Under Judicial Code, § 128, as amended by Act Jan. 28, 1915, § 2 (Comp. St. § 1120), providing that the Circuit Courts of Appeals shall exercise appellate jurisdiction to review final decisions, a "final decision" is a final judgment disposing of the entire controversy between the parties, and an order granting a new trial will not support a writ of error, though based on a ruling as matter of law that defendant had a right to stop work under the contract sued on.

> [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Action by Richard H. Wright against the Taft-Peirce Manufacturing Company.   Order granting new trial, and plaintiff brings error. On motion to dismiss for want of jurisdiction.   Case dismissed.

Chauncey E. Wheeler, of Providence, R. I. (Arthur M. Allen, Clifford A. Kingsley, and Hinckley, Allen, Tillinghast & Phillips, all of Providence, R. I., on the brief), for plaintiff in error.

Frederick W. O'Connell, of Providence, R. I. (Harold W. Thatcher and Swan, Keeney & Smith, all of Providence, R. I., and John Wallace Young and Gordon, Weed & Young, all of New York City, on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge.   This is an action at law for breach of a contract to manufacture certain machines and tools with which to make the machines.   There was a trial by jury in the District Court for the District of Rhode Island and a verdict found for the plaintiff in the sum of $23,901.31.   The defendant filed a motion for a new trial, and, after hearing the parties, the District Court ruled, as a matter of law, that the defendant was entitled to suspend work on the machines as the plaintiff had failed to pay certain invoices for tools when due (the contract giving the defendant the right to stop work at any time if any payment stipulated for was not made promptly as agreed), and granted the motion.   Thereupon the plaintiff brought his writ of error to this court.

The case is now before us on the defendant's motion to dismiss for want of jurisdiction.

In the Judicial Code, § 128, as amended January 28, 1915, 38 Stat. at Large, c. 22, § 2, p. 803 (Comp. St. § 1120), the jurisdiction of Circuit Courts of Appeals to review decisions of District Courts is stated as follows:

---

⊗⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts, * * * in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court," etc.

The words "final decision" as used in this statute and statutes of similar import have from an early day been held to mean a final judgment, one disposing of the entire controversy between the parties. Harrington v. Holler, 111 U. S. 796, 4 Sup. Ct. 697, 28 L. Ed. 602; Brush Electric Co. v. Electric Improvement Co., 51 Fed. 557, 560, 2 C. C. A. 373; Cassatt v. Mitchell Coal & Coke Co., 150 Fed. 32, 34, 81 C. C. A. 80, 10 L. R. A. (N. S.) 99; McCargo v. Chapman, 20 How. 555, 15 L. Ed. 1021; Luxton v. North River Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194; McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893; National Life Ins. Co. v. Scheffer, 131 U. S. Appendix, cciii, 26 L. Ed. 1110; Green v. Van Buskirk, 3 Wall. 448, 18 L. Ed. 245; Union Mutual Life Ins. Co. v. Kirchoff, 160 U. S. 374, 16 Sup. Ct. 318, 40 L. Ed. 461; La Bourgogne, 210 U. S. 95, 112, 113, 28 Sup. Ct. 664, 52 L. Ed. 973.

In this case there was no final decision or judgment in the District Court which could be reviewed on writ of error here. The order granting a new trial did not dispose of the case, but left it open to the plaintiff, if he desired, to retry his case before a jury.

However desirable it might be to vest District Courts with discretionary authority to certify questions of law to Circuit Courts of Appeals for determination either before or after trial, Congress has never seen fit to grant such power. Much less has it seen fit to grant litigants the right to have reviewed on writ of error an order which is not a final disposition of a cause; and it is hardly probable that it ever will grant such power as of right to a litigant, as to do so would give rise to undue confusion and delay.

The case is dismissed for want of jurisdiction, with costs to the defendant in error.