TODD ENGINEERING, DRY DOCK & REPAIR CO., Inc., v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1929.

No. 5393.

Geo. H. Terriberry, Jos. M. Rault, and Walter Carroll, all of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellant.

Edouard F. Henriques, Sp. Asst. in Admiralty to U. S. Atty., W. I. Connelly, Atty. U. S. Shipping Board, and W. B. Spencer, Jr., Asst. U. S. Atty., all of New Orleans, La., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The United States, owner of the steamship West Ira, filed a petition in the District Court in which it was alleged that a fire occurred in the fire room of the ship while the Todd Engineering, Dry Dock & Repair Company was engaged in the performance of a contract to do certain repair work upon the boilers and boiler doors; that the workmen of the Todd Company, upon discovering the fire, left the ship without removing the acetylene gas tanks and torches, and other tools and equipment, which they had been using in making the repairs; that, in an effort to extinguish the fire, the fire room, engine room, and other parts of the ship were flooded with water which had not since been pumped out; that as soon as the water in the ship should be removed petitioner desired to ascertain the condition and location of the tools and equipment in order to determine whether it could maintain a suit against the Todd Company for the damages sustained as a result of the fire based upon the negligence of that company's workmen. The petition prayed for the appointment of a commissioner to make an examination of the fire room and engine room, and to make a report of the result of such examination, which report, by order of the court, should be perpetuated as "uncontrovertible and authentic evidence." Upon the filing of this petition, the court appointed as commissioner to make the survey and report prayed for John G. Lanman, who at that time was actively in charge of the ship as representative of the United States, the owner. The Todd Company was not made a party to or notified of these proceedings, but was permitted by the commissioner to have its representatives present when the survey was made. The decree was entered upon the report which the commissioner submitted. That decree approves and perpetuates the commissioner's report, and provides that it may be received as evidence in any pending or future suit growing out of the fire; fixes the compensation of the commissioner and his assistants at $550; and provides that the compensation so fixed shall be taxed and recoverable as costs in any such pending or future suit.

A motion is submitted on behalf of the United States to dismiss the appeal of the Todd Company on the grounds that the decree of the District Court is not final, and that appellant is not an interested or prejudiced party. This court has jurisdiction to review final decisions of the District Courts. 28 USCA § 225(a). A "final decision" is one which disposes of the entire controversy between the parties. La Bourgogne, 210 U. S. 95, 112, 28 S. Ct. 664, 52 L. Ed. 973; Wright v. Taft-Peirce Mfg. Co. (C. C. A.) 287 F. 131. As the decree appealed from grants all the relief prayed for in the bill, we think it was a final decision. Appellant was an interested party; for the whole object of the proceeding was to establish its liability for the damages resulting from the fire. It was prejudiced by the decree which sought not only to perpetuate evidence against it, but also to establish finally its liability for $550 awarded to the commissioner and his assistants in the event it should be held liable in any future suit for damages. Motion to dismiss the appeal is therefore denied.

The bill appears on its face to have been drawn under 28 USCA § 644, as a bill to perpetuate testimony, Westinghouse Machinery Co. v. Electric Storage Battery Co. (C. C. A.) 170 F. 430, 25 L. R. A. (N. S.) 673, and it was so construed by the District Court. That section provides that depositions may be taken in perpetuam rei memoriam, according to the usages of chancery. In such a proceeding it is necessary to cite a party against whom relief is sought to appear. Green v. Compagnia Generale (D. C.) 82 F. 490. However, counsel for appellee state in their brief that this suit was brought to perpetuate testimony, not under the statute, but under the broad equity jurisdiction of the District Court. We are aware of no equity principle that would authorize such an ex parte proceeding. The bill sought, and the decree granted, relief which purported to be binding upon appellant. An opportunity to an adversary party defendant to be heard before he is condemned is given by the law as a matter of right and not as a mere matter of favor or grace. Central of Ga. Ry. Co. v. Wright, 207 U. S. 127, 138, 28 S. Ct. 47, 52 L. Ed. 134, 12 Ann. Cas. 463.

We are of opinion also that it was an abuse of judicial discretion to accept the report of a commissioner who was the representative of appellee. Under any circumstances the court should have required the survey and report of a disinterested person.

The decree is reversed.