490

**SATTERLEE et al. v. HARRIS et al.**
No. 600.

Circuit Court of Appeals, Tenth Circuit.
July 18, 1932.

H. R. Duncan, of Tulsa, Okl. (L. M. Poe, E. J. Lundy, and R. E. Morgan, all of Tulsa, Okl., on the brief), for appellants.

Villard Martin and F. E. Riddle, both of Tulsa, Okl. (C. A. Coakley, Geo. S. Ramsey, Edgar A. De Meules, and Garrett Logan, all of Tulsa, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

In an equity receivership, the trial court entered an order requiring all creditors of the corporation to file their claims within a stated period, failing which they should be barred from asserting the same against the receiver. Appellants filed their separate claims, to which the receiver filed his objections. A special master was appointed to hear all contested claims and to report thereon. Some evidence was taken on appellants' claims before the master, and upon appellants' application, further hearings were continued from time to time. Thereupon the appellants asked to dismiss their claims without prejudice, to which the receiver objected. The trial court found the facts as stated; that expense had been incurred in connection with the hearing of such claims prior to the application to dismiss; that the court must ascertain the obligations of the corporation in order to determine its future course of action; and that it would be prejudicial to the rights of the corporation to grant the application. The application to dismiss was accordingly denied, and the special master directed to reset the claims for hearing. This appeal is from that order. The record does not disclose what further proceedings, if any, were had on the claims.

Upon the oral argument, the court suggested the question of its jurisdiction to entertain the appeal. That question has now been briefed, and we are of the opinion that the order complained of is not appealable. In Hunt v. United States, 53 F.(2d) 333, this court said:

"Except in patent suits and proceedings for injunctions and the appointment of receivers, where it has jurisdiction to review certain interlocutory orders or decrees, the jurisdiction of the Circuit Court of Appeals upon appeal is limited to the review of final decisions of District Courts. Sections 225, 227 and 227a, Title 28 USCA.

"A final decision is one that disposes of the entire controversy between the parties.

Wright v. Taft-Peirce Mfg. Co. (C. C. A. 1) 287 F. 131; Todd Engineering, D. D. & R. Co. v. United States (C. C. A. 5) 32 F. (2d) 734, 735; La Bourgogne, 210 U. S. 95, 112, 28 S. Ct. 664, 52 L. Ed. 973."

The order appealed from was not a final decision; the order was that the cause proceed to a final decision. Our consideration of this appeal is barred by the language of the governing statute, and by the reasons back of it. Its purpose is to prevent repeated appeals in the same litigation and to promote expedition in the adjudication of controversies by providing that but one appeal should be had, and that from the final decision. Upon that appeal, the correctness of interlocutory rulings, such as the one here challenged, can be tested by assigning error on such rulings. For a case closely similar on its facts, see Otto-Johnson Merc. Co. v. Garcie, 24 N. M. 356, 174 P. 422. Jurisdiction to determine the appeal not having been conferred by statute, it cannot be conferred by consent of the parties. American Brake Shoe & Foundry Co. v. New York Rys. Co. (C. C. A. 2) 282 F. 523.

The authorities relied upon by appellants are not persuasive. Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912, was an original proceeding in mandamus. The propriety of the use of an extraordinary writ, and the appealability of an interlocutory order, are unrelated questions. In Scholl Mfg. Co. v. Rodgers (C. C. A. 8) 51 F.(2d) 971, the question was not raised; even if the point lurked in the record, therefore, it would not be a precedent for the appeal in the instant case. Webster v. Fall, 266 U. S. 507, 45 S. Ct. 148, 69 L. Ed. 411. But the action was in bankruptcy, and appeals in bankruptcy are governed by a different statute. 11 USC § 47 (11 USCA § 47). Other cases cited involve orders denying the right of a suitor to file or press a claim, United States v. Middle States Oil Corp. (C. C. A. 8) 18 F.(2d) 231, 57 A. L. R. 848; Swift v. Black Panther Oil & Gas Co. (C. C. A. 8) 244 F. 20; Cathay Trust v. Brooks (C. C. A. 9) 193 F. 973; and judgments of involuntary nonsuit, Connecticut Fire Ins. Co. v. Manning (C. C. A. 8) 177 F. 893; Cybur Lumber Co. v. Erkhart (C. C. A. 5) 247 F. 284. To deny a suitor the right to intervene, or to dismiss his claim after it is filed, is a final decision of his claim in the pending case; to grant him the right to proceed or to deny him the right to withdraw, is not. Cases holding that an appeal will lie from a final decision of a controversy collateral to but dependent upon undetermined primary litigation, Rector v. United States (C. C. A. 8) 20 F.(2d) 845; Brush Elec. Co. v. Electric Imp. Co. (C. C. A. 9) 51 F. 557; Potter v. Beal (C. C. A. 1) 50 F. 860; Odell v. H. Batterman Co. (C. C. A. 2) 223 F. 292, are not in point, for this appeal was not taken from a final decision of appellants' claims, as in the cited cases, but from an order directing that the claims proceed to a final decision.

The appeal is, therefore, dismissed.